IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20251
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE MEDINA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-256-1
--------------------
July 15, 2002

Before JOLLY, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jose Medina appeals his sentence following a guilty-plea conviction for various drug offenses.  Medina argues that the district court erred in assessing a four-level enhancement for his role in the offense, and a two-level enhancement for possession of a firearm during the commission of the offense.

     The determination of a defendant's role in the offense is a finding of fact reviewed for clear error.  See United States v.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998). In determining whether a defendant is a leader, the court should consider these factors: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4).

Medina asserts that he had no control over the drugs once he sold them to the other participants and argues that their relationship should be characterized as "buyer-seller." Although not all of the above factors apply in his case, we conclude that the district court's finding is plausible in light of the record as a whole, and therefore the district court did not clearly err in imposing the enhancement. See United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

The enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) also is a factual determination that this court reviews for clear error. See United States v. Brown, 985 F.2d 766, 769 (5th Cir. 1993). "Possession of a firearm will enhance a defendant's sentence under U.S.S.G. § 2D1.1(b)(1) where a temporal and spatial relationship exists between the weapon, the drug-trafficking activity, and the defendant." United States v. Marmolejo, 105 F.3d 1213, 1216 (5th Cir. 1997).

Medina purchased the firearm while the conspiracy was operating.  He kept the firearm upstairs in his home, but engaged in various activities related to the conspiracy downstairs.  This court has previously upheld an enhancement where firearms were found in the house and drugs were found buried in the backyard.  See United States v. Navarro, 169 F.3d 228, 230, 234 (5th Cir. 1999).  The Government thus established the requisite temporal and spatial relationship.  Medina also argues that he purchased the firearm to protect his home and family from robbery, not to protect his drug activities.  However, it does not matter whether Medina intended to use the gun in his drug-trafficking offense; the important fact is that "[it] could have been so used." United States v. Jacquinot, 258 F.3d 423, 431 (5th Cir. 2001) cert. denied, 122 S. Ct. 925 (2002) (citing United States v. Menesses, 962 F.2d 420, 429 (5th Cir.1992)).  Medina has failed to establish that it was "clearly improbable" that the firearm was connected with the offense.  The district court's finding is plausible in light of the record as a whole, and therefore the district court did not clearly err.  Brown, 985 F.2d at 769.

For the foregoing reasons, Medina's sentence is AFFIRMED.